## MACEDO v SOHL, etc.
### Case No. 87-222-SP-20-P
County Court, Monroe County
October 22, 1987

### APPEARANCES OF COUNSEL

**Sally A. Parr** for plaintiff.
**John P. Rotolo** for defendant.

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

### *FINAL JUDGMENT*

### *THE FACTS*

THIS CASE involves a claim for a percentage of the profits of a business based upon a verbal offer made by an employer. Plaintiff was an 18 year old dishwasher making $4.00 an hour at another restaurant who was given employment as a cook at defendant's restaurant called YESTERDAYS in January 1983. Plaintiff began employment at $4.50

an hour and was trained as a short order cook. The restaurant is a favorite dining place for the Key West Courthouse crowd as well as local business people and was noted for its good food and fast service.

In mid-1984 plaintiff was told by defendant that because the restaurant was making a profit she would share some of the profits with him provided that he work at the restaurant until it was sold or until plaintiff should leave to attend college. The business was placed up for sale.

The amount of the profit to be enjoyed by plaintiff was never stated. What was stated by the employer was, "If (plaintiff) were wise, he could get through the first 2 years in college provided he didn't splurge and if he obtained a part-time job. . . . It's a substantial amount . . . several thousand dollars. . . ."

At one time defendant gathered her employees together and informed them that, if they would work for 2 years at Yesterdays, they could each receive a $1,000. bonus. Plaintiff was present during this meeting.

In the latter part of 1984 plaintiff, then making $5.00 an hour, was offered a job paying $6.00 an hour beginning salary with prospects of advancement starting as an instrument man on a surveying team. Plaintiff declined acceptance of this employment so as not to lose his profit-sharing benefits.

Plaintiff continued working as a cook at Yesterdays until August 23, 1985 when he terminated his employment to attend college. At a birthday party held that night in plaintiff's honor, plaintiff was presented a check for $1,000. by defendant stating that, "this is just the first part and there's more coming, David, you earned it." The next day plaintiff left for college and was told by Mrs. Sohl that he could expect the rest in another month. Plaintiff received no further payment.

## THE LAW

"A unilateral contract is also defined as one in which there is a promise on one side only, the consideration therefor being an act." *Contracts*, Section 6, page 297, Fla. Jur. 2d, Volume II"

The business being capable of being sold at any time after placement for sale, the contract the capable of being performed within one year and therefore it is outside the statute of Frauds, (F. S. 725.01) and need not be in writing.

In the decision of Community Design Corporation v. Joseph D. Antonell, (Fla. 3d DCA 1984), 450 So.2d 343, the plaintiff brought

28

action to enforce the terms of an oral bonus promised by his employer to employees who had completed certain architectural drawings by Christmastime and was awarded damages. The award was affirmed on appeal in spite of the uncertainty as to the exact amount of the bonus the employee was entitled to receive. The evidence showed only that the employees were to receive a bonus to be determined by the recommendation of a certain company vice-president. This executive had also promised plaintiff a one week paid vacation if the drawings were completed on time. Plaintiff received neither the bonus nor the paid vacation but was awarded both by the trier of fact. The appellate court held that "Once the drawings were complete, CDC's contractual duty to act in good faith in recommending a bonus for those who qualified arose." page 345

"Court are reluctant to hold contracts unenforceable on grounds of uncertainty, especially where, as here, one party has received the benefit of the other's performance." - ID page 345

The true rationale for its holding is set forth in footnote #4 on page 345, last sentence, i.e., ". . . To find otherwise would allow CDC to induce extra efforts from its employees by oral promises and then hide behind a cloak of vagueness resulting from conflicting testimony."

In the case before the Court, plaintiff fully performed his contract passing up opportunities for outside advancement relying on defendant to act in good faith on its offer to pay a bonus constituting a portion of the profits of the business. Plaintiff worked for defendant until he left for college and, by doing so, fully performed the stated conditions entitling him to participation in the profit sharing of the business.

From the review of the testimony concerning the representations as to the amount earned by plaintiff as his share of the profits and from the financial statement submitted into evidence, the Court finds that plaintiff's share of the profits equal $5,000. less the $1,000. previously paid, leaving a balance of $4,000. Accordingly, plaintiff having claimed only a balance of $2,500. in its complaint, it is

ORDERED and ADJUDGED that Plaintiff, DAVID C. MACEDO, do have and recover of and from defendant, RUTH SOHL d/b/a YESTERDAYS RESTAURANT, the sum of $2,500. damages together with the costs in this behalf expended and herein taxed at $41.00, for all of which let execution issue.

DONE and ORDERED in open Court at Key West, Monroe County, Florida, this 22nd day of October, 1987, NUNC PRO TUNC October 5, 1987.